```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                **CRIMINAL ACTION NO. 2:06-00076**

**TABITHA DAWN BURDETTE**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On March 3, 2009, the United States of America appeared by R. Booth Goodwin, II, Assistant United States Attorney, and the defendant, Tabitha Dawn Burdette, appeared in person and by her counsel, Mary Lou Newberger, Federal Public Defender, for a hearing on the petition on probation and amendment thereto submitted by United States Probation Officer Teresa L. Eggerud, the defendant having commenced a three-year term of probation in this action on September 21, 2006, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 25, 2006.

The court heard the admissions of the defendant and the representations and argument of counsel.

**For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of probation in the following respects:  (1) that the defendant failed to complete the six month program at the Rae of Hope Fellowship Home for Women as directed by the court inasmuch as she was discharged from the facility as a program failure on January 2, 2009, due to her failure to abide by the rules and regulations of the facility as stated on the record of the hearing herein; (2) that the defendant failed to notify the probation officer of her change in residence when she left the Rae of Hope program on January 2, 2009, rendering her whereabouts unknown until the filing of the petition dated January 23, 2009, on February 3, 2009; and (3) that the defendant used controlled substances as evidenced by a positive urine screen for marijuana submitted by her on February 9, 2009, and her verbal admission that same date to the probation officer that she had used hydrocodone without a valid prescription; all as admitted by the defendant on the record of the hearing and as set forth in the petition on probation and amendment thereto.**

**And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.**

**And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWO (2) MONTHS, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the following special conditions:**

3

1. The defendant shall participate in a 28-day inpatient drug treatment program designated by the probation officer to be followed by a drug treatment and counseling program as intensive as can be arranged by the probation officer. Insofar as feasible, the defendant shall be transported by her parents from the jail when she completes the service of her two-month sentence to the 28-day inpatient facility, either directly or as soon as space for her in that 28-day facility is available.

2. The defendant shall be placed on home confinement for a period of SIX (6) MONTHS, which will in part be served during the 28-day inpatient drug treatment program, to be monitored electronically or as otherwise deemed feasible by the probation officer, during which time the defendant shall remain continuously at her residence except for the following approved absences: (a) lawful, gainful employment; (b) medical emergency; and (c) any other purpose which has the prior approval of the probation officer. If electronic monitoring is employed, the defendant shall pay the costs of the electronic monitoring.

3. The defendant shall continue to make restitution payments in accordance with the terms originally imposed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  March 4, 2009

_____
John T. Copenhaver, Jr.
United States District Judge